STEWART GOLLAN     USB # 12524
UTAH LEGAL CLINIC
Cooperating Attorneys for
UTAH CIVIL RIGHTS &
   LIBERTIES FOUNDATION, INC.
214 East Fifth South Street
Salt Lake City, Utah   84111-3204          **ATTORNEY FOR PLAINTIFF**
Telephone:  (801)  328-9531
ulcr2d2c3po@utahlegalclinic.com

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

_____

| | | |
|---|---|---|
| **JESSE FRUHWIRTH,** | : | |
| | | **COMPLAINT** |
| Plaintiff, | : | |
| vs. | | **Jury Demanded** |
| | : | |
| **YVETTE ZAYAS,** Salt Lake City Police | | Civil No. _____ |
| Officer; **CHRISTOPHER BURBANK** , Salt Lake | : | |
| City Police Chief; **TESORO COMPANIES, INC.**, | | Judge _____ |
| a Delaware Corporation; **TESORO REFINING &** | : | |
| **MARKETING COMPANY, LLC**, a Delaware | | |
| Limited Liability Company; **JOHN DOES I-XX**, | : | |
| Salt Lake City Police Officers; **MAYOR RALPH** | | |
| **BECKER,** Mayor of Salt Lake City; and | : | |
| **SALT LAKE CITY**, a municipal corporation; | | |
| | : | |
| Defendants. | | |
| | : | |

PLAINTIFF, **JESSE FRUHWIRTH,** by and through counsel, STEWART GOLLAN of

the Utah Legal Clinic, as a cooperating attorney for the Utah Civil Rights & Liberties

Foundation, Inc., as a Complaint and as causes of action against the Defendants states and alleges

as follows:

**PRELIMINARY STATEMENT**

1. This 42 U.S.C. § 1983 action seeks equitable, declaratory and prospective injunctive relief as well as monetary damages (at least nominal) for improper interference with the constitutional rights of Plaintiff.  Plaintiff seeks, *inter alia*, declaratory relief as to the unconstitutionality of Defendants' policy of detaining and questioning persons capturing video recordings of or photographing sites they deem to be "critical infrastructure" in the absence of reasonable suspicion that these persons are engaged in or will engage in criminal activity.  This policy  impermissibly infringes on Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff also seeks attorney fees and costs under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in this Court under 42 U.S.C. § 1983 and § 1988 as well as 28 U.S.C. §§  1331 and 1343, and arises in order to enforce provisions of the United States Constitution.  Declaratory relief is authorized by 28 U.S.C. § 2201 and § 2202 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

4. Pursuant to 28 U.S.C. § 1391, venue is proper in the Central Division of the United States District Court for the District of Utah because the misconduct of Defendants occurred and will occur in Salt Lake County, State of Utah and in the Central Division of this Court. Defendants' places of business are in Salt Lake County, State of Utah.

## PARTIES

5. Plaintiff **JESSE FRUHWIRTH** ("Fruhwirth") is a resident of Salt Lake County, State of Utah and an activist and freelance journalist in Salt Lake City who covers environmental and other topics and publishes on a variety of social media outlets. For five years Fruhwirth was a professional newspaper writer, investigative journalist, and editor at several Utah newspapers, including *Salt Lake City Weekly*. He was twice named as a finalist for Reporter of the Year by the Society of Professional Journalists Utah Headliner's Chapter. He has investigated oil refinery safety, repression of activist movements, police racial profiling, and local politics. Plaintiff's blogs and reporting have a substantial local and national following.

6. Defendant **YVETTE ZAYAS** ("Zayas") is a currently serving police officer with the Salt Lake City Police Department and, at all times relevant hereto, was also employed by Defendant/s Tesoro Companies, Inc. and/or Tesoro Refining & Marketing Company, LLC to provide security services at the Tesoro Refinery located in Salt Lake City. Defendant Zayas is sued in her individual and official capacities. At all times at all times pertinent to this action, Zayas was acting under color of state law, with powers vested in her by the State of Utah, Salt Lake City and the Salt Lake City Police Department. Plaintiff seeks declaratory, injunctive and monetary relief against Defendant Zayas.

7. Defendant **TESORO COMPANIES, INC.** is a Delaware Corporation that, *inter alia*, on its own behalf and/or through its subsidiaries hires off duty Salt Lake City police officers (including defendant Zayas) to provide security and other services at its refinery located in Salt

Lake City.  Plaintiff seeks declaratory, injunctive and monetary relief against Defendant Tesoro Companies, Inc.

8. Defendant **TESORO REFINING & MARKETING COMPANY, LLC** is a Delaware Limited Liability Company that, *inter alia*, on its own behalf and/or through its subsidiaries, hires Salt Lake City police officers to provide security and other services at its Salt Lake City refinery including defendant Zayas. Plaintiff seeks declaratory, injunctive and monetary relief against Defendant Tesoro Refining & Marketing Company, LLC.

9. Upon information and belief, Salt Lake City Police Officers providing security services for the Tesoro Defendants wear their Salt Lake City Police Department Uniforms, carry their service weapons, utilize Salt Lake City Police vehicles, dispatch and other services, and exercise their authority as Salt Lake City police officers while detaining and questioning individuals.

10. Defendant **CHRISTOPHER BURBANK** is the currently serving Chief of the Salt Lake City Police Department.  He is supervises all Salt Lake City Police officers and staff and is responsible for overseeing and implementing all Salt Lake City Police Department policies and practices.  He is the superior of Defendant Salt Lake City Police Officer Yvette Zayas.  He is sued in his official capacity.  Plaintiff seeks solely declaratory and injunctive relief against Defendant Christopher Burbank.

11. Defendant **MAYOR RALPH BECKER** is the duly elected and serving Mayor of Salt Lake City.  He is the chief executive officer of Salt Lake City and has supervisory authority over Defendant Chief Chris Burbank and the Salt Lake City Police Department.  He is a proper

4

defendant in this action seeking equitable relief in the form of an injunction against continuing unconstitutional practices by Defendant Zayas, John Does I-X, and the Salt Lake City Police Department.  Plaintiff seeks solely declaratory and injunctive relief against Defendant Mayor Ralph Becker.

12.  Defendant **SALT LAKE CITY CORPORATION** (the "City") is a municipal corporation organized under the laws of the State of Utah that governs the geographical area known as Salt Lake City and includes, *inter alia*, the Salt Lake City Police Department.  The City employs Defendants Zayas, Christopher Burbank, and John Does I-XX and is responsible for the policies and practices under which those Defendants were acting at all times relevant hereto.  The City is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint. Plaintiff seeks declaratory, injunctive and monetary relief against the City.

13.  Defendants **JOHN DOES I-XX**, are as yet unidentified Salt Lake City Police Officers employed by Defendant Tesoro to provide security services at Tesoro owned facilities. Defendants **JOHN DOES I-XX** are sued individually and in their official capacity.  The full, true and correct names of these defendants are unknown to Plaintiff at this time.  When Plaintiff discovers the full, true and correct names of these defendants, he shall seek leave to amend this Complaint.

14.  At all times pertinent to this action, the governmental Defendants, Zayas, Burbank, Becker, and John Does I-XX were each acting under color of state law, with powers vested in

them by the State of Utah, Salt Lake City Corporation and/or the Salt Lake City Police Department.

15. Defendant Salt Lake City Corporation is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint. Defendant Salt Lake City Corporation and its sub-division, the Salt Lake City Police Department, adopted the policies, customs or practices complained of by Plaintiff and is thus a proper defendant in this action.

16. At all times pertinent to this action, Defendants, Tesoro Companies, Inc. and Tesoro Refining & Marketing Company, LLC were acting and will act in a joint enterprise with the governmental defendants such that their actions constitute state action under color of state law for the purposes of §§ 42 U.S.C. 1983 and 1988. At all times pertinent to this action, Defendants, Tesoro Companies, Inc. and Tesoro Refining & Marketing Company, LLC were the employer/s of Defendants Zayas and John Does I-XX.

## OPERATIVE FACTS

17. On or about December 20, 2013, during a period of particularly bad air quality in the Salt Lake valley, Plaintiff looked out of his window and observed a large plume of glowing flames lighting up the night sky in his neighborhood. The Tesoro refinery located at approximately 950 North and 400 West in Salt Lake City was conducting what Plaintiff believed to be a large waste gas flare or burn off.

18. A waste gas flare or burn off is a method used by refinery operators to burn off excess hydrocarbons in the refinery system. Flares or burn offs result in increased air pollution.

19. Concerned, and intending to publish information about the air quality in the Salt Lake valley and the possible effects of the refinery flare or burn off, Plaintiff drove to a location adjacent to the Tesoro refinery.  Plaintiff stopped his car on a public street and exited his vehicle. He took out a video camera, intending to film the flare or burn off so that he could use the video as part of an online publication addressing air quality issues in the Salt Lake valley.

20. Very shortly after Plaintiff exited his vehicle a Salt Lake City police vehicle arrived at the scene with its rooftop lights activated.  The vehicle stopped very near Plaintiff's vehicle and a Salt Lake City Police Officer, who Plaintiff later learned was Defendant Zayas, stepped out.

21. Defendant Zayas approached Plaintiff and asked him what he was doing and why he was filming the refinery.  She asked Plaintiff for identification and commanded him to "hold tight," making it clear that he was not free to leave.

22. Defendant Zayas told Plaintiff that she stopped and detained him because the refinery is "critical infrastructure and you're taking pictures of it."  When Plaintiff inquired as to the legality of filming the refinery Defendant Zayas stated that it was not against the law.  However, Defendant Zayas further explained that it is the policy of Salt Lake City Police officers employed by Tesoro to stop and question anyone filming or photographing the Tesoro Salt Lake City refinery.

23. While detaining Plaintiff, Defendant Zayas asked Plaintiff numerous questions about why he was recording images of the refinery, what devices he has used to do so, the nature of the

video recorded, etc. When Plaintiff stated that he did not wish to answer her questions, Defendant Zayas told Plaintiff that he was obligated and required to do so.

## CAUSES OF ACTION

### First Cause of Action
(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)

24. Plaintiffs re-allege all foregoing paragraphs as though fully set forth here.

25. Defendants' actions as described above violated Plaintiff's right to be free from unreasonable warrantless searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

26. Based upon information and belief, the violation of Plaintiff's rights occurred pursuant to a policies, customs, or practices of the Salt Lake City Police Department and Tesoro to detain photographers and videographers recording images where photography and videography is legal and officers have no reasonable basis to believe such persons are engaged in criminal activity or are armed and dangerous.

27. Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew or should have known, and/or which reasonable public officials should have known, rendering Defendants liable to Plaintiff under 42 U.S.C. § 1983.

28. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered constitutional harm, emotional harm, humiliation and mental anguish.

29. Plaintiff intends to continue video recording and/or photographing at the Tesoro refinery and other sites that may be deemed "critical infrastructure" by Defendants but fears

further detention and harassment by Defendants. That fear prevents him from photographing or recording video of the Tesoro refinery or doing so as much as he would like.

Second Cause of Action
(42 U.S.C. § 1983 – First and Fourteenth Amendments)

30. Plaintiffs re-allege all forgoing paragraphs as though fully set forth here.

31. Defendants' conduct as described herein violated Plaintiff's rights guaranteed by the First Amendment to the United States Constitution by subjecting Plaintiff to unlawful detention and harassment for exercising his rights to free speech, expression, and freedom of the press.

32. Based upon information and belief, the violation of Plaintiff's rights occurred pursuant to a policies, customs, or practices of the Salt Lake City Police Department and Tesoro to detain photographers and videographers recording images where photography and videography is legal and officers have no reasonable basis to believe such persons are engaged in criminal activity or are armed and dangerous.

**JURY DEMANDED**

Plaintiff demands a jury on all issues that may be tried to a jury.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands the following relief:

1. For declaratory judgment that Defendants' actions violated Plaintiff's right to be free from unreasonable warrantless searches and seizures as protected by the Fourth Amendment to the United States Constitution;

2. For declaratory judgment that Defendants' actions violated Plaintiff's rights to free speech, expression, and freedom of the press as protected by the First Amendment to the United States Constitution;

3. For a permanent injunction enjoining Defendants from detaining or questioning Plaintiff for capturing recorded images of the Tesoro refinery or other sites deemed by Defendants to be critical infrastructure absent reasonable suspicion or probable cause that Plaintiff has engaged in or is engaging in criminal activity;

4. For an award of monetary damages (at least nominal) in an amount to be determined at trial;

5. For Plaintiff's attorney fees and court costs in pursuing this action as per 42 U.S.C. § 1983 and § 1988; and,

6. For such other and further relief as the Court deems just and proper.

DATED this 3rd day of September, 2014.

    UTAH LEGAL CLINIC
    Attorneys for Plaintiffs

    */s/ Stewart Gollan*

by _____
    STEWART GOLLAN